United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK A. COTTONHAM,

    Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO,

    Defendant.

No. C-11-4305 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Mark A. Cottonham, an inmate at the Santa Rita County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

Cottonham alleges in his complaint that he was subjected to an unlawful arrest on July 25, 2007. He alleges that on July 25, 2007, six San Francisco police officers and sheriff's deputies entered his hotel room with a key given to them by the hotel owner and arrested him. The law enforcement officers allegedly had no warrant and no probable cause. After two days in jail, Cottonham was charged with six counts of resisting arrest, and bail was set at $20,000. He posted a bail bond and was released. The case never returned to court; he observes that, "it seem that my arrest and case just disappear?" Complaint, p. 3.

///

///

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint has two problems that must be addressed in an amended complaint. First, there is a defendant problem. The only named defendant is a municipal entity (*i.e.*, the City and County of San Francisco) but the body of the complaint does not allege any basis for municipal liability. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs*., 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Cottonham is cautioned that there is no respondeat superior liability under § 1983, *i.e.* no liability just because an entity employs a person who has violated his rights. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. In his amended complaint, if he seeks to keep the City and County of San Francisco as a defendant, Cottonham must allege a basis for liability of the City and County of San Francisco or that defendant will be dismissed.

Cottonham has not named as defendants any of the individual officers or deputies who allegedly violated his rights. If he wants to sue the individual officers and/or deputies, he must identify each such person by name and explain what he/she did that caused a violation of Cottonham's constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). If he wishes, he may add the individual police officers and sheriffs as defendants in his amended complaint.

Second, Cottonham's status at the time of his July 25, 2007 arrest is unclear. Based on allegations made in this action and in two other actions Cottonham recently filed, it appears that he may have been on probation or parole at the time of his arrest. If he was on probation or parole at the time of the arrest, his Fourth Amendment rights were much lower than if he was not on probation or parole. *See Samson v. California*, 547 U.S. 843, 846 (2006) (suspicionless search of parolee, conducted under the authority of a California statute requiring that every prisoner eligible for release on state parole "shall agree in writing to be subject to search or seizure by a parole officer or other peace officer at any time of the day or night, with or without a search warrant and with or without cause," did not violate the Fourth Amendment); *United States v. Knights*, 534 U.S. 112, 121-22 (2001) (only reasonable suspicion, and not probable cause, is necessary for an officer to conduct a search of the home of a probationer or parolee). In his amended complaint, Cottonham should specify whether he was on probation, parole or neither at the time of his arrest.

## IV. CONCLUSION

The complaint fails to state a claim upon which relief may be granted against the lone named defendant. Leave to amend will be granted. The amended complaint must be filed no later than **December 9, 2011**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended

///
///
///
///

complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: November 14, 2011

_____
EDWARD M. CHEN
United States District Judge

4