UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK A. COTTONHAM,

    Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO, *et al.*,

    Defendants.
_____/

No. C-11-4305 EMC (pr)

**ORDER OF SERVICE**

## I. INTRODUCTION

Mark A. Cottonham, formerly an inmate at the Santa Rita County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Court reviewed his complaint and dismissed it with leave to amend because he had not alleged a basis for liability for the only named Defendant and because it was unclear whether he was under supervised release at the time of the alleged constitutional violation. Cottonham then filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

Cottonham alleges in his amended complaint that he was subjected to an unlawful search and arrest on July 6, 2007 by San Francisco police sergeant Espinda (badge #698), officer Perez (badge #660), senior deputy Terry (badge #1278), deputy Jacobs (badge #1179), deputy Martindale (badge # 1434), and inspector Campagnoli (badge # 1031). He alleges that these six San Francisco police officers and sheriff's deputies entered his hotel room with a key given to them by the hotel owner and arrested him. The law enforcement officers allegedly had no warrant and no probable cause.

After a few days in jail, Cottonham was charged with six counts of resisting arrest, and bail was set at $20,000. He posted a bail bond and was released. The case allegedly "never went any where?" Docket # 7 (punctuation in source).

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Fourth Amendment requires that an arrest be supported by probable cause. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *Michigan v. Summers*, 452 U.S. 692, 700 (1981) (an arrest is unlawful unless there is probable cause to support it). Liberally construed, the amended complaint states a § 1983 claim against defendants Espinda, Perez, Terry, Jacobs, Martindale, and Campagnoli for false arrest.

The Fourth Amendment also requires that a search be reasonable. The existence of probable cause is a major factor in determining the reasonableness of a search. *See Wyoming v. Houghton*, 526 U.S. 295, 302 (1999) (officers with probable cause to search a car may inspect passengers' belongings in the car that are capable of concealing the object of the search); *Graves v. City of Coeur D'Alene*, 339 F.3d 828, 841 (9th Cir. 2003) (probable cause means "more than a bare suspicion; it exists when the officer's knowledge of reasonably trustworthy information is sufficient to warrant a prudent person to believe that an offense has been or is being committed.") Liberally construed, the amended complaint states a § 1983 claim against defendants Espinda, Perez, Terry,

2

1  Jacobs, Martindale, and Campagnoli for a Fourth Amendment violation based on an unreasonable
2  search.
3      Cottonham listed the City and County of San Francisco, the San Francisco Police
4  Department and the San Francisco Sheriff's Department as Defendants but alleged no basis for
5  liability against any of them, despite being cautioned of the need to allege a basis for municipal
6  liability if he wanted to sue a municipal entity. *See* Order Of Dismissal With Leave To Amend, p. 2.
7  It appears that he has named them on a theory of respondeat superior, but that is an impermissible
8  basis for § 1983 liability. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403
9  (1997). The municipal Defendants are dismissed.

## IV. CONCLUSION

1. The amended complaint states cognizable §1983 claims against San Francisco police sergeant Espinda (badge # 698), San Francisco police officer Perez (badge # 660), San Francisco police inspector Campagnoli (badge # 1031), San Francisco sheriff's senior deputy Terry (badge # 1278), San Francisco sheriff's deputy Jacobs (badge # 1179), and San Francisco sheriff's deputy Martindale (badge # 1434) for violating Cottonham's Fourth Amendment rights. All other claims and Defendants are **DISMISSED**.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon the following individuals, all of whom apparently are employed at the San Francisco Police Department or San Francisco Sheriff's Department:

- San Francisco police sergeant Espinda (badge # 698)
- San Francisco police officer Perez (badge # 660)
- San Francisco police inspector Campagnoli (badge # 1031)
- San Francisco sheriff's senior deputy Terry (badge # 1278)
- San Francisco sheriff's deputy Jacobs (badge # 1179)
- San Francisco sheriff's deputy Martindale (badge # 1434)

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **June 22, 2012**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case

1  cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the
2  motion is due.

3        b.       Plaintiff's opposition to the summary judgment or other dispositive motion
4  must be filed with the Court and served upon Defendants no later than **July 20, 2012**. Plaintiff must
5  bear in mind the following notice and warning regarding summary judgment as he prepares his
6  opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (*See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).)

18 Plaintiff also should take note that a Defendant may file a motion to dismiss for failure to exhaust
19 administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to
20 dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted,
21 result in the termination of the action. The plaintiff must "develop a record" and present it in his
22 opposition to dispute any "factual record" presented by a defendant's motion to dismiss. *Wyatt v.*
23 *Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

24        c.       If Defendant wishes to file a reply brief, the reply brief must be filed and
25 served no later than **August 3, 2012**.

26      4.      All communications by Plaintiff with the Court must be served on a Defendant's
27 counsel by mailing a true copy of the document to defendant's counsel. The Court may disregard
28 any document which a party files but fails to send a copy of to his opponent. Until a Defendant's

counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that Defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: April 2, 2012

_____
EDWARD M. CHEN
United States District Judge

5