UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK A. COTTONHAM,

        Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO, *et al.*,

        Defendants.

_____/

No. C-11-4305 EMC (pr)

**ORDER OF DISMISSAL**

## I.    INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Defendants move to dismiss the action on grounds that it is barred by the statute of limitations. (Docket No. 19.) For the reasons stated herein, Defendants' motion is **GRANTED**, and the action is **DISMISSED**.

## II.    BACKGROUND

Plaintiff alleges that on July 6, 2007, Defendants, San Francisco County police and sheriff's officers, arrested him in violation of his constitutional rights. In 2008, Plaintiff filed suit in small claims court against defendants. That action was dismissed without prejudice on November 19, 2008 when plaintiff failed to appear at a hearing. (Mot. to Dismiss ("MTD"), Carling Decl., Ex. B.) In 2011, Plaintiff filed this § 1983 action against Defendants regarding the July 6, 2007 incident.

## III.    DISCUSSION

Defendants move to dismiss this federal action on grounds that it is barred by the statute of limitations. Section 1983 takes its limitations period from the forum state's statute of limitations for

personal injury torts, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which, in California, is two years, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). This two-year statute of limitations period is tolled for two years if the plaintiff is a prisoner serving a term of less than life, thus giving such prisoners effectively four years to file a federal suit. *See* Cal. Civ. Proc. Code § 352.1(a). Plaintiff alleges that he was incarcerated on and off from 2007 to 2008, and spent two and a half unincarcerated years in Thailand before being arrested there in 2011 and deported to the United States where he spent a further nine months in jail. (Opp. to MTD at 2–4; Reply at 2.)

A.  Tolling for Time of Imprisonment

Plaintiff's statute of limitations period started on July 6, 2007, the day of the incident and therefore the day he knew or had reason to know of his claim. Giving Plaintiff four years of credit for imprisonment, he had until July 7, 2011 to file a timely § 1983 action. However, this action was not filed until August 31, 2011, which is after the July 7, 2011 deadline. Accordingly, absent equitable tolling or equitable estoppel, the two doctrines that may apply to extend the limitations period on equitable grounds, the instant action is barred by the statute of limitations and therefore must be dismissed.

B.  Equitable Tolling

Where the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate. *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002). Because federal courts borrow California's statute of limitations, they also apply California's equitable tolling rules. *Id.* Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)). Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal court.

Equitable tolling is appropriate in a later suit when an earlier suit was filed and where the record shows: "'(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and, (3) good faith and

reasonable conduct by the plaintiff in filing the second claim.'" *Daviton v. Columbia/ HCA Healthcare Corp.*, 241 F.3d 1131, 1137–38 (9th Cir. 2001) (en banc) (quoting *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983)).

Plaintiff has not shown that he is entitled to equitable tolling. More specifically, he has not met the good faith and reasonable conduct requirement. First, the record is bare of any justification for abandoning his state action. He alleges that Defendants prevented him from pursuing his claims in state court. (Opp. to MTD at 1.) According to Plaintiff, Defendants continually arrested and detained him, and got him addicted to morphine. (*Id.* at 2–4.) However, Plaintiff provides no explanation for his failure to appear at the November 19, 2008 hearing. He admits that Defendants released him on September 19, 2008, but fails to explain why he failed to appear at his hearing two months later. Second, Plaintiff admits that some time after his September 2008 release, he left for Thailand, where he remained for two and a half unincarcerated years. Such conduct does not show good faith or reasonable conduct. Accordingly, the Court declines to apply equitable tolling.

C.     Equitable Estoppel

"Equitable estoppel . . . focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as 'fraudulent concealment.'" *Zolotarev v. San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008) (cited in *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002)). Apart from Plaintiff's conclusory allegations, there is nothing in the record to indicate that Defendants prevented Plaintiff from filing suit. He was able to file a timely state court action which was dismissed owing to his unexplained failure to appear at a hearing. Though he was repeatedly incarcerated, Plaintiff has not shown that such arrests were without justification or were pretexts for preventing him from pursuing his claims. Accordingly, the Court declines to apply equitable estoppel.

///
///
///
///
///

### IV. CONCLUSION

Based on the foregoing, Defendants' motion to dismiss (Docket No. 19) is **GRANTED**, and the action is hereby **DISMISSED**. The Clerk shall enter judgment in favor of Defendants, terminate Docket No. 19, and close the file.

IT IS SO ORDERED.

Dated: January 22, 2013

_____
EDWARD M. CHEN
United States District Judge

4